# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO**. **2:20-cr-200-RBS** |
| **TEVA PHARAMCEUTICALS USA, INC.** | : | |
| **AND GLENMARK** | | |
| **PHARMACEUTICALS INC., USA** | | |

## SUPPLEMENTAL RULE 12.4 STATEMENT RE: ORGANIZATIONAL VICTIMS

Under Rule 12.4 of the Federal Rules of Criminal Procedure, absent good cause, the United States must provide the Court with a statement identifying corporate victims of criminal activity. Fed. R. Crim. P. 12.4(a)(2). The United States must also file a later statement if any information changes. Fed. R. Crim. P. 12.4(b)(2). This information is intended to aid the Court in complying with its obligations under the Code of Conduct for United States Judges. *See* Fed. R. Crim. P. 12.4 advisory committee's note.

On August 10, 2020, the United States provided the Court with a statement identifying potential corporate victims of criminal activity under this action for the one-count criminal indictment returned against defendant Glenmark by a federal grand jury in Philadelphia. On August 25, 2020, the grand jury returned a second superseding indictment, adding defendant Teva to the first count and charging defendant Teva with two additional counts.

The United States therefore provides this supplemental statement identifying further potential victims in view of these two additional counts. Fed. R. Crim. P. 12.4(b)(2). As the government noted in its initial statement on August 10, antitrust conspiracies such as this affect a large number of corporate victims at various levels of the downstream market. The United States

1

nonetheless has used due diligence in examining conspirator sales data of affected generic drugs and identified what it believes are the larger direct purchasers of the generic drugs affected by the alleged conspiracies. These customers are listed in Attachment 1. Smaller direct purchasers and indirect purchasers are excluded pursuant to the 2018 Amendment allowing the government to be relieved of making the disclosure for good cause.

The United States believes that the following revised list of larger direct purchasers should allow the Court to make an informed decision of whether it has any "financial interest in the subject matter in controversy." *Id*. (quoting Code of Judicial Conduct, Canon 3C(1)(c) (1972)). Should the Court require further information or further identification of the companies listed, the United States will do its best to supply the additional information.

DATED: September 11, 2020

Respectfully submitted,

BY:    /s/ *James A. Ryan*
      JAMES A. RYAN

CAROL L. SIPPERLY
MARK C. GRUNDVIG
EMMA M. BURNHAM
MATTHEW W. LUNDER
JULIA M. MALONEY
TARA M. SHINNICK
Attorneys

Antitrust Division
United States Department of Justice
450 Fifth Street Northwest, 11th Floor
Washington, D.C. 20530
(202) 353-3797

## ATTACHMENT 1

**NOTE: For ease of reference, organizations not listed in the United States initial Rule 12.4 statement are marked with an asterisk.**

The Great Atlantic & Pacific Tea Co. (A&P)
Advantage Logistics
Ahold
Albertsons
American Health
American Sales
AmeriSource Bergen
ANDA
Advantage Logistics
Ahold
Albertsons
Altro Pharmaceuticals
American Health
American Sales
Amerinet
AmeriSource Bergen
ANDA
ArmadaHealth
AS Medication Solutions
Associated Pharmacies, Inc.
Attain Med Inc
Auburn Pharma
Bellco Drug Corp.
Big Y Foods
BioRidge Pharma LLC*
Bloodworth
Brookshire Grocery
Burlington Drug Co.
Butler Animal Health Supply, LLC
Capital Wholesale Co.
Cardinal Health
Caremark
Cigna
Clipper Distributing Co. LLC

Costco*
CuraScript
CVS
Dakota Drug Co.
Delhaize America
Discount Drug Mart
Drogueria Betances LLC
Drugs Unlimited
Econdisc
Epic Pharmacies*
Express Scripts
FMC Corp.
Frank W Kerr
Fred's Stores of Tennessee, Inc.
GCP Pharma, LLC
Genetco
Gerimed*
Giant Eagle
Golden State Medical, Inc.
Golub Corp. (dba Price Chopper)
Guardian Pharmacy, LLC
Hannaford Brothers
Harvard Drug
HD Smith
Healthsource Distributors
HEB
Henry Schein
Hospice Provider Group*
Humana
Hy-Vee Inc.
Independent Pharmacy Cooperative, Inc.
Innovatix*
Kaiser Permanente
Kerr

Keysource Medical
Kinney Drugs
KPH Healthcare Service
Kroger
KVAT Food City
Lake Erie Medical
Lewis Drug Co.
Louisiana Wholesale Drug Co.
Managed Healthcare Associates
Masters Pharmaceutical
McKesson
MedAssets Supply Chain Systems LLC*
Medco Health Solutions
MedVantx Pharmacy Services
Meijer
Miami-Luken
Morris & Dickson
MWI Veterinary Supply
Mylan Institutional
NC Mutual
Northwest Generics LLC
Omnicare
Optisource
Optum Rx
Osborn Drugs
Patterson Veterinary Supply, Inc.
Pharmacy Buying Ass'n Inc. (PBA Health)
Pharmacare Dynamic*
PharMerica Corp.
Premier Inc.

Prime Therapeutics
PruGen
Publix Supermarkets
Quality Care Products, LLC*
Quest Pharmaceuticals, Inc.
R&S Northeast, LLC
Raley's
RDC
Real Value Products
Remedi SeniorCare
Richie Pharmacal Co.
Rite Aid
Rochester Cooperative
Rx Outreach
Safeway Inc.
Schnuck Markets
Smith Drug Company
Supervalu
Target
Thrifty White
Top Rx
Unlimited Pharmacy
Valley Wholesale Drug
Value Drug Company Inc.
Vanguard Labs
Wakefern Food Corp
Walgreens
Walmart
Weis Pharmacy
Winn Dixie

## CERTIFICATE OF SERVICE

I hereby certify that this pleading was electronically filed, and was thus served upon counsel for all parties, including:

For Defendant Glenmark Pharmaceuticals Inc., USA:

>Beth Wilkinson
>Wilkinson Walsh LLP
>2001 M Street NW, 10th Floor
>Washington, DC 20036
>bwilkinson@wilkinsonwalsh.com

For Defendant Teva Pharmaceuticals USA, Inc.:

>R. Stephen Stigall, Esquire, PA No. 78748
>BALLARD SPAHR LLP
>1735 Market Street, 51st Floor
>Philadelphia, PA 19103
>stigalls@ballardspahr.com

>/s/ James A. Ryan_____
>JAMES A. RYAN
>Trial Attorney

DATED: September 11, 2020