**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | |
| | | **CRIMINAL NO. 2:20-cr-200-RBS(s)** |
| **TEVA PHARMACEUTICALS USA, INC. and GLENMARK PHARMACEUTICALS INC., USA** | **:** | |
| | **:** | |

**JOINT MOTION FOR DEFERRED PROSECUTION CONTINUANCE AND TO
VACATE TRIAL DATE AND SCHEDULING ORDER**

Pursuant to Title 18, United States Code, Section 3161(h)(2), and in light of the Deferred

Prosecution Agreement ("DPA") between defendant Glenmark Pharmaceuticals USA, Inc.

("Glenmark") and the United States filed August 21, 2023 (ECF No. 188), the parties jointly

move the Court to vacate the trial date and scheduling order in this matter, and to order that any

prosecution and trial against Glenmark of the Second Superseding Indictment filed in this case

be deferred until whichever of the following events occurs first:

1.       The United States makes a final determination that Glenmark has breached the

DPA, as defined in the DPA, and the United States elects, consistent with the DPA, to prosecute

Glenmark on the Second Superseding Indictment, in which event the United States will request

that this case be returned to the Court's calendar; or

2.       In the sole discretion of the United States, the United States concludes that

Glenmark is in full compliance with all of its obligations under the DPA, and the United States,

within 30 days after the later of Glenmark paying in full the penalty set forth in the DPA or three

years after the date the DPA was filed, files a motion with the Court seeking the dismissal with

prejudice of the Second Superseding Indictment against Glenmark.

The parties also request that the period of time outlined above be excluded in computing

the time within which the trial of the charge in the Second Superseding Indictment must

commence, pursuant to 18 U.S.C. § 3161(h)(2), and that any such requirement under the Speedy Trial Act of 1974 be tolled. The Court previously declared this case complex for speedy trial purposes (ECF No. 48).

Glenmark has agreed to waive any rights under 18 U.S.C. § 3161 in the DPA, and Glenmark hereby consents through its counsel to this motion.  A copy of the DPA executed by Glenmark and the United States has already been filed with the Court (ECF No. 188).

WHEREFORE, the United States and Glenmark respectfully request that the joint motion be granted.

DATED:  August 21, 2023

Respectfully submitted,

BY: /s/ Niall Lynch
   Niall Lynch
   Aaron Chiu

   Latham & Watkins LLP
   Counsel for Glenmark Pharmaceuticals
   Inc., USA

BY: /s/ Mark C. Grundvig
   Mark C. Grundvig
   Julia M. Maloney

   Attorneys
   United States Department of Justice
   Antitrust Division
   450 Fifth Street NW, Suite 11300
   Washington, DC 20530
   (202) 704-8039

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Joint Motion for Deferred Prosecution Continuance and to Vacate Trial Date and Scheduling Order to be filed electronically with the Clerk of the Court using the ECF system, which will make the document available for viewing and downloading and send an electronic filing notice to counsel of record who are registered as ECF filing users.


Dated:  August 21, 2023                              */s/ Julia M. Maloney*
                                                     Julia M. Maloney

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | |
| | | **CRIMINAL NO. 2:20-cr-200-RBS(s)** |
| TEVA PHARMACEUTICALS USA, | : | |
| INC. and GLENMARK | | |
| PHARMACEUTICALS INC., USA | : | |

## ORDER TOLLING SPEEDY TRIAL ACT AND VACATING TRIAL DATE AND SCHEDULING ORDER

The joint motion of the United States and defendant Glenmark Pharmaceuticals Inc., USA ("Glenmark") for a continuance pursuant to 18 U.S.C. § 3161(h)(2), and to vacate the trial date and scheduling order, is hereby granted.  Pursuant to Title 18, United States Code, Section 3161(h)(2), and in light of the Deferred Prosecution Agreement ("DPA") between defendant Glenmark and the United States, the trial date set for this matter and the scheduling order are vacated, and the prosecution and trial against Glenmark of the charge in the Second Superseding Indictment is hereby deferred until whichever of the following events occurs first:

1.      The United States makes a final determination that Glenmark has breached the DPA, as defined in the DPA, and the United States elects, consistent with the DPA, to prosecute Glenmark on the Second Superseding Indictment, in which event the United States will request that this case be returned to the Court's calendar; or

2.      In the sole discretion of the United States, the United States concludes that Glenmark is in full compliance with all of its obligations under the DPA, and the United States, within 30 days after the later of Glenmark paying in full the penalty set forth in the DPA or three years after the date the DPA was filed, files a motion with the Court seeking the dismissal with prejudice of the Second Superseding Indictment against Glenmark.

The period of time outlined above shall be excluded in computing the time within which

2

the trial of any such offense must commence, pursuant to 18 U.S.C. § 3161(h)(2).


It is so ordered, this _____ day of _____ 2023 at Philadelphia, Pennsylvania


_____
HON. R. BARCLAY SURRICK
UNITED STATES DISTRICT JUDGE

3